## (December 20, 1971)

■ In the Matter of CLARENCE A. SMITH, Also Known as CLARENCE ALDRICH SMITH, an Attorney, Respondent. WESTCHESTER COUNTY BAR ASSOCIATION, Petitioner.— In this proceeding to discipline an attorney, petitioner moves to confirm the report of Honorable FRANK S. McCULLOUGH, a Justice of the Supreme Court, to whom the issues had been referred for hearing and report. Respondent was admitted to the Bar by this court on June 24, 1953 under the name Clarence Aldrich Smith. The charges of professional misconduct against respondent which Mr. Justice McCULLOUGH found established were based upon his conduct while acting as attorney for three of his clients and upon his failure to co-operate with petitioner's Grievance Committee. In substance, Mr. Justice McCULLOUGH found that respondent had (a) failed to institute an action with respect to the claim of his client to recover damages for personal injuries; (b) converted $5,000 belonging to a client which was entrusted to him for use in satisfaction of a purchase money mortgage; (c) forwarded to a client checks drawn by him (respondent) on an account which did not contain sufficient funds to cover them and thereafter failed to make good on these checks; and (d) failed to co-operate with petitioner's Grievance Committee. Respondent failed to file an answer to the charges, did not appear to defend himself before Mr. Justice McCULLOUGH and did not submit any papers on this motion to confirm the report. " Such inaction is not only construed to constitute an admission of the charges but also an indifference to the consequences of an adverse determination " (*Matter of Schner*, 5 A D 2d 599, 600). Subsequent to the making of the motion to confirm, respondent submitted to this court a letter, dated November 5, 1971, which states that he will not oppose the motion and that he thereby resigns " without qualification or reservations " as a member of the Bar. Were we to confirm this report and hold that respondent was guilty as found by the reporting Justice, respondent's disbarment would be warranted. However, we accept respondent's resignation from the Bar and direct that it be filed; and therefore we shall not pass upon the motion to confirm the report. Upon respondent's resignation, his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.